*United States District Court*
*Northern District of Ohio*
*Cleveland, Ohio 44113-1834*

Paul R. Matia
Chief Judge

Phone: (216) 357-7100
Fax: (216) 357-7110

Dear Litigant,

    The United States District Court for the Northern District of Ohio provides litigants with several options to assist them to achieve a fair and speedy resolution of their disputes. One important option is the opportunity to consent to the <u>trial jurisdiction</u> of the experienced magistrate judge assigned to your case.

    A magistrate judge may conduct any or all proceedings, including trial, in a jury or nonjury civil matter and order the entry of judgment <u>upon the consent of the parties</u> (28 U.S.C. §636(c)). Because they do not hear criminal felony matters, magistrate judges can often establish civil trial dates sooner, and adhere to those dates more firmly, than Article III judges whose civil dockets are often interrupted by the requirements of the criminal Speedy Trial Act.

    The Court encourages litigants to consent to the trial jurisdiction of the magistrate judge assigned to their case. The magistrate judge can help litigants proceed with the case at a pace agreeable to the parties and may have more flexibility in scheduling. Consent to the magistrate judge need not add any additional steps to the litigation process. Appeals upon judgments in a case disposed of by a magistrate judge on consent of the parties must be taken directly to the United States Court of Appeals for the Sixth Circuit (Local Rule 73.2).

    Litigants give consent to the trial jurisdiction of a specific magistrate judge, not to magistrate judges in general (Local Rule 73.1(b)). Where the litigants have consented to the trial jurisdiction of a magistrate judge and that magistrate judge is no longer able to work on the case, the case will be returned to the assigned Article III judge and the parties may consent or refuse to consent to the trial jurisdiction of any magistrate judge subsequently assigned to the case.

    Litigants who wish to consent to the trial jurisdiction of the magistrate judge assigned to their case should complete the enclosed <u>Consent to Exercise of Jurisdiction by a United States Magistrate Judge and Order of Reference</u> form. Please note that the form requires all parties to signify their consent.

Sincerely,

*Paul R. Matia*

Paul R. Matia
Chief Judge

I hereby certify that this instrument, document no. 7, filed on 10-30, is a true and correct copy of the electronically filed original.

Attest: Geri M. Smith, Clerk
U.S. District Court
Northern District of Ohio

By: R Sch____
Deputy Clerk

attachments

LR-APPENDIX F

# UNITED STATES DISTRICT COURT
## Northern District of Ohio

Plaintiff

v.

Defendant

CONSENT TO EXERCISE OF JURISDICTION
BY A UNITED STATES MAGISTRATE JUDGE
AND ORDER OF REFERENCE

Case Number:

## CONSENT TO EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C.§ 636(c) and Fed. R. Civ. P. 73, the parties in this case hereby voluntarily consent to have a United States magistrate judge conduct any and all further proceedings in the case, including the trial, and order the entry of a final judgment.

| Signatures | Party Represented | Date |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

## ORDER OF REFERENCE

IT IS HEREBY ORDERED that this case be transferred to _____ United States Magistrate Judge, for all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c), Fed.R.Civ.P. 73 and the foregoing consent of the parties.

_____
Date

_____
*United States District Judge*

NOTE:   RETURN THIS FORM TO THE CLERK OF THE COURT ***ONLY IF*** ALL PARTIES HAVE CONSENTED ***ON THIS FORM*** TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

# UNITED STATES DISTRICT COURT
## Northern District of Ohio

### NOTICE & ORDER

Pursuant to 28 U.S.C. § 636(c)(1) and LR 73.1, a Magistrate Judge of the Northern District of Ohio may, upon consent of all parties to an action, and entry of an order of reference by the District Judge, exercise trial jurisdiction in civil actions, both jury and non-jury, and enter final judgment therein.

If all parties to this action consent and an order of reference is entered, the case will be assigned to a Magistrate Judge pursuant to LR 73.1. If all parties do not consent, or if an order of reference is not entered, the action will remain with the District Judge to whom it is assigned. The decision of counsel on this matter of consent is entirely voluntary. Your response is joint, and disclosure of individual decisions is not required.

Pursuant to LR 73.1(b) Recusal, Resignation or Death of Magistrate Judge, where the parties have consented to the transfer of a civil case to a Magistrate Judge under section (a) above, if the Magistrate Judge thereafter recuses, resigns or dies, the case shall be returned to the District Judge. The Clerk shall immediately assign another Magistrate Judge by the random draw and notify the parties of such new assignment. Within ten (10) days after such notification by the Clerk, the parties shall indicate their consent, or lack thereof, to transferring the case to the newly-assigned Magistrate Judge under 28 U.S.C. § 636(c). If the parties do not consent to the transfer, the case shall remain with the District Judge.

At the time the last appearance of counsel is made on behalf of the named defendant, the parties are to communicate with each other on this matter. *It is the responsibility of plaintiff's counsel to initiate such consultation. The response is to be returned within ten (10) days of the last appearance.* The response must contain the signatures of all counsel.

Pursuant to 28 U.S.C. § 636(c)(3) all appeals relating to magistrate consent cases must be heard only in the court of appeals.

Please return the completed response form to the Office of Clerk of the Court as promptly as possible. If an order of reference is entered by the Court, you will be advised by the Clerk as to which Magistrate Judge the case has been assigned for further proceedings.

**Geri M. Smith,
Clerk of Court**

*(See form on the reverse side)*

o:\forms\consent.pdf
revised January 2002

# UNITED STATES MAGISTRATE JUDGES

*Their Function
And Purpose
In Our
Federal Courts*



A Publication of Federal Magistrate Judges Association

## Understanding the Function and Purpose of United States Magistrate Judges.

The backbone of an independent federal judiciary is life-tenured judges appointed under Article III of the Constitution. In America's federal trial courts, justice is administered by life-tenured District Judges, and by judges who serve fixed-terms: United States Magistrate Judges and United States Bankruptcy Judges.

This brochure illuminates the function and purpose of United States Magistrate Judges, who are independent judges serving federal district courts in an adjunct capacity by dealing with cases, or parts of cases, assigned to them by District Judges.

## Title and Manner of Addressing a United States Magistrate Judge.

- The official title of these judges is "United States Magistrate Judge."

- A United States Magistrate Judge should be addressed, orally and in writing, as "Judge ____," to be consistent with the position's judicial role and official title as prescribed by law.

- Although some state courts have a judicial officer called a "magistrate," that title as applied to a United States Magistrate Judge is obsolete. To address these judges simply as "Magistrate" is akin to improperly addressing a Lieutenant Colonel as "Lieutenant," or a Bankruptcy Judge as "Bankruptcy."

# Answers to Some Commonly Asked Questions.

**Q: What are the standards for selecting a federal magistrate judge?**

A: To be appointed as magistrate judge, an individual must:
- have been a member in good standing of the bar of the highest court of a State, District, Territory, or Commonwealth of the United States for at least five years;
- be determined by the appointing district court to be competent to perform the duties of the office;
- be unrelated to a judge of the appointing court; and
- be selected pursuant to standards promulgated by the Judicial Conference of the United States.

**Q: What's the difference between a district court and a "magistrate judge's court"?**

A: There is no "magistrate court." Both district and magistrate judges preside in United States district courts created under Article III of the Constitution.

**Q: What's the difference between district and magistrate judges?**

A: District judges are life-tenured judges nominated by the President and confirmed by the Senate. Magistrate judges are fixed-term judges appointed by district judges for eight-year renewable terms via a merit selection process.

**Q: How do civil litigants request trials before magistrate judges?**

A: All parties must consent in writing and the case must be officially transferred by the district judge. Forms are available from the clerk of court.

**Q: Are a party's rights affected when litigants consent to have a magistrate judge hear a case?**

A: Consenting to jurisdiction of a magistrate judge does not eliminate substantive or procedural rights litigants would otherwise have before a district judge. For example, parties retain their right to a jury trial.

**Q: Do magistrate judges handle many civil jury cases?**

A: Yes. In 1999, magistrate judges conducted approximately 21 percent of the civil jury trials in United States district courts. When all parties consent, magistrate judges may conduct trials and enter judgments in civil cases of any type or size.

**Q: Do magistrate judges handle many criminal cases?**

A: Yes. With consent of defendants, magistrate judges may preside in Class A misdemeanor cases, including conducting jury trials. In 1999, magistrate judges terminated 10,733 Class A misdemeanor cases. Although magistrate judges do not preside at felony trials, they may conduct preliminary and post-conviction proceedings in felony cases. Magistrate judges may conduct trials and dispose of all petty offense cases.

I hereby certify that this instrument, document no. 6, filed on 10.3.03 is a true and correct copy of the electronically filed original.
Attest: Geri M. Smith, Clerk
U.S. District Court
Northern District of Ohio
By: R Shumster
Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CERADYNE, INC. | : | Case No. 1:03cv1522 |
| Plaintiff(s), | : | |
| | : | JUDGE O'MALLEY |
| v | : | |
| | : | **CASE MANAGEMENT** |
| | : | **CONFERENCE NOTICE & ORDER** |
| CABOT CORORATION, et al. | : | |
| Defendant(s). | : | |

A copy of this and all other of the Court's standard orders may be found at http://www.ohnd.uscourts.gov/Judges/judges.html.

A case management conference to be conducted pursuant to N.D. Ohio Local Rule 16.3(b) is set for Monday, November 3, 2003, at 11:00 a.m., Room 16A, U.S. Courthouse, 801 Superior Avenue, Cleveland, Ohio.

If no appearance has been filed by counsel for the defendants by the date of this Notice, counsel for plaintiff shall confirm its receipt by defendants or their counsel, if known to plaintiff's counsel.

**This case is assigned to the standard track until further order of the Court.**

**Filing of Discovery Materials.**

Unless otherwise ordered by the Court, initial disclosures, discovery depositions, interrogatories, requests for documents, requests for admissions, and answers and responses thereto shall not be filed with the Clerk's Office, except that discovery materials may be filed as evidence in support of a motion or for use at trial.

**Prior to the Conference, counsel shall:**

1. Become familiar with the provisions of the Local Rules relating to differentiated case management generally and the case management conference in particular.

2. Meet and confer not later than **ten (10) days** before the case management conference to discuss the nature and basis of their claims and defenses; the possibilities for a prompt resolution or settlement of the case; and to develop a proposed discovery plan. Except in extraordinary cases, the parties' proposed discovery plan must contemplate the completion of discovery no later than **one hundred and eighty (180) days** after the filing or removal of the initial complaint.

3. File, not later than **seven (7) days** before the case management conference, a joint statement or separate statements stating the parties' present position with regard to each of the agenda items specified in Local 16.3(b) and informing the court of other items for the agenda of the case management conference. (See Attachment A)

**At the Conference:**

1. <u>Lead trial counsel</u> shall attend.

2. The parties (or, in the case of institutional or corporate parties, a representative familiar with the facts giving rise to this litigation) shall either attend or be available by telephone.

3. In addition to reviewing the items discussed in the parties' pre-conference statement(s), the Court may undertake to determine whether there are any presently known facts supporting a claim or defense; if not, such claim or defense may be dismissed with or without prejudice.

4. Counsel must be prepared to discuss venue, personal jurisdiction, subject matter jurisdiction, the statute of limitations, all affirmative defenses and any potentially dispositive legal issues.

**Motion Practice Prior to the Case Management Conference:**

1. Motions to continue the case management conference are not favored and will not be granted except in extraordinary circumstances.

2. Any motion relating to the case management conference or matters to be addressed there are to be filed promptly, and in any event not later than five (5) court days before the conference.

3. Motions are to be in writing and shall indicate whether they are agreed motions.

4. Initial extensions to respond to a complaint or counterclaim for a period not to exceed twenty (20) days may be by agreement and confirmed by the filing of a Notice of Stipulation with the Court. All Notices of Stipulation must be filed on or <u>before</u> the response date for which an extension of time is sought.

                                                /s Kathleen M. O'Malley
                                                KATHLEEN McDONALD O'MALLEY
                                                UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CERADYNE, INC., on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CABOT CORPORATION, PHELPS DODGE CORPORATION, COLUMBIAN CHEMICALS COMPANY, DEGUSSA ENGINEERED CARBONS LP, DEGUSSA AG, and DEGUSSA CORPORATION,<br><br>Defendants. | No. 1:03 CV 1522<br><br>Judge O'Malley<br>Magistrate Judge Vecchiarelli<br><br>**DEFENDANT DEGUSSA CORPORATION'S & DEFENDANT DEGUSSA ENGINEERED CARBONS' ANSWER TO CLASS ACTION COMPLAINT** |

## DEFENDANT DEGUSSA CORPORATION'S & DEFENDANT DEGUSSA ENGINEERED CARBON'S ANSWER TO CLASS ACTION COMPLAINT

Defendants Degussa Corporation and Defendant Degussa Engineered Carbons, LP (collectively the "Degussa Defendants") answer the complaint as follows:

### NATURE OF ACTION

1.  The Degussa Defendants deny each and every allegation in Paragraph 1 of the Class Action Complaint ("the Complaint") except they admit that plaintiffs purport to bring a class action. The Degussa Defendants state to the contrary that this action may not be maintained as a class action on behalf of the purported class or otherwise. The Degussa Defendants also admit the allegation in Paragraph 1 that Carbon Black is an engineered carbon compound made using petroleum based feedstock, which is used for numerous purposes.

I hereby certify that this instrument, document no. 5, filed on 9/19/03 is a true and correct copy of the electronically filed original.
Attest: Geri M. Smith, Clerk
U.S. District Court
Northern District of Ohio
By: R Schu___
Deputy Clerk

## JURISDICTION AND VENUE

2. The Degussa Defendants deny each and every allegation in Paragraph 2 of the Complaint except they admit that plaintiffs purport to bring this action pursuant to Section 4 of the Clayton Act, 15 U.S.C. § 15. The Degussa Defendants state to the contrary that no violation of Section 1 of the Sherman Act, 15 U.S.C. § 1 has been committed.

3. Paragraph 3 of the Complaint states a legal conclusion that requires no response. To the extent Paragraph 3 does not state a legal conclusion, the Degussa Defendants deny each and every allegation in Paragraph 3.

4. Paragraph 4 of the Complaint states a legal conclusion that requires no response. To the extent Paragraph 4 does not state a legal conclusion, the Degussa Defendants deny each and every allegation in Paragraph 4.

## PARTIES

5. The Degussa Defendants deny each and every allegation in Paragraph 5 of the complaint except, to the extent that plaintiffs purport to identify Ceradyne Corporation's place of incorporation, place of business, and purchase history, the Degussa Defendants state they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6. The Degussa Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint.

7. The Degussa Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint.

8. The Degussa Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint.

9. The Degussa Defendants admit the allegations in Paragraph 9 that DEC is a limited partnership with its principal place of business in New Jersey and that it sells Carbon Black in the United States and in other countries.

10. The Degussa Defendants admit the allegations in Paragraph 10 of the Complaint.

11. The Degussa Defendants admit the allegations in Paragraph 11 of the Complaint.

## CO-CONSPIRATORS

12. The Degussa Defendants deny each and every allegation in Paragraph 12 of the Complaint.

## CLASS ACTION ALLEGATIONS

13. The Degussa Defendants deny each and every allegation in Paragraph 13 of the Complaint except they admit that plaintiffs purport to bring a class action as described in Paragraph 13 of the Complaint. The Degussa Defendants state to the contrary that this action may not be maintained as a class action on behalf of the purported class or otherwise.

14. The Degussa Defendants deny each and every allegation in Paragraph 14 of the Complaint except they admit that plaintiffs purport to bring a class action. The Degussa Defendants state to the contrary that this action may not be maintained as a class action on behalf of the purported class or otherwise.

15. The Degussa Defendants deny each and every allegation in Paragraph 15 of the Complaint, including its subparts and specifically deny that the Degussa Defendants were engaged in a conspiracy.

16. The Degussa Defendants state that the Degussa Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the

Complaint. The Degussa Defendants state to the contrary that this action may not be maintained as a class action on behalf of the purported class or otherwise.

17.   The Degussa Defendants deny each and every allegation in Paragraph 17 of the Complaint. The Degussa Defendants state to the contrary that this action may not be maintained as a class action on behalf of the purported class or otherwise.

18.   The Degussa Defendants deny each and every allegation in Paragraph 18 of the Complaint. The Degussa Defendants state to the contrary that this action may not be maintained as a class action on behalf of the purported class or otherwise.

## TRADE AND COMMERCE

19.   The Degussa Defendants admit the allegation in Paragraph 19 of the Complaint that the Degussa Defendants manufacture and / or sell Carbon Black.

20.   The Degussa Defendants deny each and every allegation in Paragraph 20 of the Complaint except they admit that Degussa Corporation sold Carbon Black to customers located in states other than the states where the Carbon Black was produced.

## VIOLATIONS ALLEGED

21.   The Degussa Defendants deny each and every allegation in Paragraph 21 of the Complaint.

22.   The Degussa Defendants deny each and every allegation in Paragraph 22 of the Complaint, including its subparts.

23.   The Degussa Defendants deny each and every allegation in Paragraph 23 of the Complaint.

24.     On information and belief, the Degussa Defendants admit the allegations in Paragraph 24 of the Complaint that the United States and European authorities are investigating allegations of antitrust violations concerning Carbon Black and that the European antitrust authorities have obtained documents in connection with this investigation. The Degussa Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that the European antitrust authorities are currently reviewing documents.

25.     On information and belief, the Degussa Defendants admit the allegation in the first sentence of Paragraph 25 of the Complaint as to Degussa AG. The Degussa Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 25 of the Complaint.

## **EFFECTS / DAMAGES**

26.     The Degussa Defendants deny each and every allegation in Paragraph 26 of the Complaint, including its subparts.

27.     The Degussa Defendants admit the allegation in Paragraph 27 of the Complaint that they sold carbon black in the United States during the period from January 30, 1999 through the present. The Degussa Defendants state to the contrary that this action may not be maintained as a class action on behalf of the purported class or otherwise.

28.     The Degussa Defendants deny each and every allegation in Paragraph 28 of the Complaint.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

The Degussa Defendants further deny each and every allegation in the Complaint not heretofore specifically admitted, including those portions of the Complaint requesting relief. The Degussa Defendants specifically deny that this action may be maintained as a class action on behalf of any purported class. The Degussa Defendants specifically deny that plaintiff or anyone else claiming to be a member of the purported class is entitled to damages, treble damages, litigation costs, attorney fees, or to any other relief of any kind whatsoever. The Degussa Defendants further request that the Complaint be dismissed with prejudice and that the Degussa Defendants be awarded their costs and such other relief as the court deems proper.

## ADDITIONAL DEFENSES

1. Plaintiff does not have standing to bring the claims raised in the Complaint.

2. The Complaint fails to state any claim against the Degussa Defendants upon which relief can be granted under the Clayton Act, 15 U.S.C. § 15, or upon any other theory.

3. Plaintiff may not maintain this action as described in the Complaint as a class action.

4. Plaintiff's claims to a class action should be denied because variations in pricing and sales terms preclude the introduction of classwide proof as to the alleged overcharge.

5. The claims of Plaintiff and others claimed to be members of the class may be barred, in whole or in part, by the applicable statutes of limitation.

6. The claims of Plaintiff and others claimed to be members of the class may be barred in whole or in part by laches.

7. The claims of Plaintiff and others claimed to be members of the class may be barred because they have not sustained any cognizable injury or antitrust injury attributable to

the Degussa Defendants' conduct or the conduct of any alleged co-conspirators.

8. The claims of Plaintiff and others claimed to be members of the class may be barred in whole or in part because plaintiffs failed to mitigate their alleged damages, if any.

9. The claims of Plaintiff and others claimed to be members of the class may be barred because the conduct engaged in by the Degussa Defendants has not unreasonably restrained trade and was based on independent and legitimate business justifications.

10. The Degussa Defendants adopt by reference any applicable defenses heretofore or subsequently pleaded by any other defendant not expressly set forth herein.

11. The claims of Plaintiff and others claimed to be members of the class may be barred, in whole or in part, because the Degussa Defendants actions resulted from a good faith effort to meet competition.

12. The Degussa Defendants reserve the right to assert other defenses as discovery proceeds.

WHEREFORE, the Degussa Defendants pray that the Court determine and adjudge:

(a) that this suit cannot be maintained as a class action;

(b) that the Complaint be dismissed on the merits;

(c) that Plaintiff take nothing by the Complaint;

(d) that the Degussa Defendants be awarded their costs, disbursements and attorney's fees and expenses incurred herein; and

(e) that the Degussa Defendants be awarded such other and further relief as the Court may deem proper.

Date: September 19, 2003

      Respectfully submitted:

      /s/ Kyle B. Fleming
      Kyle B. Fleming (OH 0064644)
      BAKER & HOSTETLER LLP
      3200 National City Center
      1900 East Ninth Street
      Cleveland, Ohio 44114-3485
      (216) 621-0200 telephone
      (216) 373-6557 facsimile
      kfleming@bakerlaw.com


      Richard G. Parker
      Neil K. Gilman
      O'MELVENY &MYERS LLP
      1625 Eye Street, NW
      Washington, D.C. 20006-4001
      (202) 383-5300 telephone
      (202) 383-5414 facsimile
      rparker@omm.com
      ngilman@omm.com


      ATTORNEYS FOR DEFENDANTS
      DEGUSSA CORPORATION and
      DEGUSSA ENGINEERED CARBONS, LP

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below a copy of the foregoing document was filed electronically with the Court's CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Date:  19 September 2003

Kyle B. Fleming
Baker & Hostetler LLP
3200 National City Center
1900 East Ninth Street
Cleveland, Ohio 441143485
kfleming@bakerlaw.com
216.621.0200 (t)
216.373.6557 (f)

8/20/03

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CERADYNE CORP., on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CABOT CORPORATION, ET AL.,<br><br>Defendants. | 1:03 CV 1522<br><br>JUDGE O'MALLEY<br>MAG. JUDGE VECCHIARELLI<br><br>**DEFENDANTS DEGUSSA CORPORATION'S, DEGUSSA ENGINEERED CARBONS LP'S AND DEGUSSA AG'S MOTION FOR EXTENSION TO RESPOND TO CLASS ACTION COMPLAINT** |

Defendants Degussa Corporation, Degussa Engineered Carbons, LP, and Degussa AG (collectively "Degussa") respectfully request an extension of approximately thirty (30) days, to an including Friday, 19 September 2003, within which to move, answer, or otherwise respond to the Complaint. Counsel for plaintiff has stated that he does not oppose this extension. No previous leaves have been requested, and this Motion is not made for the purposes of delay.

In addition, the Judicial Panel on Multidistrict Litigation has recently transferred to the District of Massachusetts several similar cases alleging antitrust violations with respect to the carbon black market in the United States. A copy of this transfer order is attached. Degussa expects that this action may also be transferred to the District of Massachusetts as a tag-along action.

GRANTED: ✓

DENIED: _____

/s/ K. M. O'Malley
U. S. District Judge
8-27-03

I hereby certify that this instrument, document no. 4, filed on 8/2003 is a true and correct copy of the electronically filed original.
Attest: Geri M. Smith, Clerk
U.S. District Court
Northern District of Ohio

By: _____
Deputy Clerk



Date: 20 August 2003

                                        Respectfully submitted:

                                        Kyle B. Fleming (OH 0064644)
                                        BAKER & HOSTETLER LLP
                                        3200 National City Center
                                        1900 East Ninth Street
                                        Cleveland, Ohio 44114-3485
                                        (216) 621-0200 phone
                                        (216) 373-6557 facsimile
                                        kfleming@bakerlaw.com


                                        Richard G. Parker
                                        Neil K. Gilman
                                        O'MELVENY &MYERS LLP
                                        1625 Eye Street, NW
                                        Washington, D.C. 20006-4001
                                        (202) 383-5300 phone
                                        (202) 383-5414 facsimile
                                        rparker@omm.com
                                        ngilman@omm.com


                                        ATTORNEYS FOR DEFENDANTS
                                        DEGUSSA CORPORATION, DEGUSSA
                                        ENGINEERED CARBONS, LP, AND
                                        DEGUSSA AG

CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below a copy of the foregoing document was filed electronically with the Court's CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Date: 20 August 2003

Kyle B. Fleming
Baker & Hostetler LLP
3200 National City Center
1900 East Ninth Street
Cleveland, Ohio 441143485
kfleming@bakerlaw.com
216.621.0200 (t)
216.373.6557 (f)

S:\AAA Patent Litigation\27472 Degussa Antitrust\Ceradyne\The File\20030820 Motion for Extension.doc