**1543**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 1 3 2003

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1543*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE CARBON BLACK ANTITRUST LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ AND ROBERT L. MILLER, JR., JUDGES OF THE PANEL*

*TRANSFER ORDER*

This litigation currently consists of the four actions in the District of Massachusetts, three actions in the District of New Jersey, and one action in the Northern District of Ohio as listed on the attached Schedule A.[1] Before the Panel are three motions, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of these actions. All moving and responding parties support centralization of these actions; however, the parties disagree as to which district is the most appropriate forum. Defendants Cabot Corporation, Phelps Dodge Corporation, Columbian Chemicals Co., Degussa Engineered Carbons, LP and Degussa Corporation suggest transfer to the District of Massachusetts. Plaintiffs in the four District of Massachusetts actions similarly move for transfer to that district, and plaintiffs in the three potential tag-along actions in the District of Massachusetts support centralization there. Plaintiffs in two District of New Jersey actions move for transfer to the District of New Jersey, and plaintiff in the third District of New Jersey action supports centralization there. Plaintiffs in the Northern District of Ohio action and the Northern District of Illinois potential tag-along action both suggest transfer to the Northern District of Ohio.

On the basis of the papers filed and hearing session held, the Panel finds that these eight actions involve common questions of fact, and that centralization under Section 1407 in the District of Massachusetts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual questions arising out of an alleged unlawful combination or conspiracy to suppress or eliminate competition by fixing, raising, or maintaining prices for carbon black sold in the United States. Centralization under Section 1407 is thus necessary in order

---

[1] In addition to the actions presently before the Panel, the parties have identified three related actions pending in the District of Massachusetts and one related action pending in the Northern District of Illinois. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

**OFFICIAL FILE COPY**    **IMAGED AUG 13 '03**

- 2 -

to eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the District of Massachusetts is an appropriate transferee forum for this litigation. We note that i) the majority of the actions are pending in the District of Massachusetts; ii) one of the main defendants has its principal place of business in Boston, Massachusetts; iii) all five domestic defendants support centralization in this district, as do plaintiffs in the seven actions in that district; and iv) the judge assigned to the constituent actions in this district is an experienced jurist with a caseload favorable to receiving such an assignment.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the District of Massachusetts are transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Douglas P. Woodlock for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

FOR THE PANEL:

_Wm. Terrell Hodges_

Wm. Terrell Hodges
Chairman

## SCHEDULE A

<u>MDL-1543 -- In re Carbon Black Antitrust Litigation</u>

### District of Massachusetts

*Technical Industries, Inc. v. Cabot Corp., et al.*, C.A. No. 1:03-10191
*Standard Rubber Products v. Cabot Corp., et al.*, C.A. No. 1:03-10659
*Reeves Brothers, Inc. v. Cabot Corp., et al.*, C.A. No. 1:03-10733
*Plastics Color Corp. of Illinois v. Cabot Corp., et al.*, C.A. No. 1:03-10837

### District of New Jersey

*Synaflex Rubber Products Co. v. Cabot Corp., et al.*, C.A. No. 2:03-1400
*Alco Industries, Inc. v. Cabot Corp., et al.*, C.A. No. 2:03-1593
*Chase & Sons, Inc. v. Cabot Corp., et al.*, C.A. No. 2:03-1609

### Northern District of Ohio

*Parker Hannifin Corp. v. Cabot Corp., et al.*, C.A. No. 5:03-495

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

NOTICE OF PLACEMENT IN
CM/ECF DOCKETING SYSTEM

*FILED*
*2003 JUL 21 PM 1:54*
*NORTHERN DISTRICT OF OHIO*
*CLEVELAND OF OHIO*

Case No.  **1:03CV1522**
**JUDGE O'MALLEY**

JUDGE

    At the regular meeting of judges conducted on August 7, 2000, the Court agreed that this notice be issued in all cases as they are placed into the Court's new docketing system.

    The United States District Court for the Northern District of Ohio is converting from its old Integrated Case Management docketing system to its new Case Management / Electronic Case Files System (CM/ECF) docketing system. The CM/ECF system provides the bench, the bar and the public with unprecedented electronic access to up-to-the-minute dockets sheets as well as to the documents themselves.

    This action has now been entered into the CM/ECF system. Current information on this case will not be available through PACER or Web PACER. Access to the docket sheet and the documents in this matter are available on the Court's electronic case files web site (http://ecf.ohnd.uscourts.gov).

**Electronic Filing**

    The CM/ECF system is capable of accepting electronic filings over the Internet, although its use does not require that documents be filed electronically unless ordered by the Court. All documents that are filed on paper will be scanned by the Clerk's Office and placed into the CM/ECF system for electronic access.

    While electronic filing has not yet been ordered in this case, the Court strongly encourages counsel to take advantage of the benefits of filing electronically. Counsel who file documents electronically in a case are required to have the e-mail noticing feature of their user account activated and agree to accept electronic notices from the Court and the other parties. It is the Court's expectation that, absent a showing of good cause, all counsel who regularly practice in this district will be prepared to file electronically and accept electronic notice of filings in any civil case before this Court no later than January 1, 2001.

**Court Orders and Notices**

    The Court will issue its orders and notices electronically to all registered counsel who have activated the e-mail noticing feature of their account. The court will send its orders and notices to all counsel who have not registered or activated the e-mail noticing feature of their account  through regular U.S. mail; however, due to the speed of e-mail, counsel will receive

*CC #3*

notices sooner if they register and activate the e-mail noticing feature of their user account. All counsel should also check the electronic docket sheets on a regular basis. Parties who are not represented by counsel will be sent Court orders and notices through regular U.S. mail.

### Service of Documents Filed by the Parties

**Documents filed on Paper**. All documents filed with the Court on paper must be served on the other parties on paper in the traditional manner pursuant to the applicable Federal and Local Rules.

**Documents filed Electronically**. When a document is filed electronically, the receipt of the filing will indicate which counsel have been notified electronically of the filing by the CM/ECF system and which counsel have not. The filing party <u>must</u> serve the documents on paper in the traditional manner pursuant to the applicable Federal and Local Rules upon the counsel who where <u>not</u> sent electronic notification. The filing party need not serve Counsel who have been sent electronic notification. In instances where a party is not represented by counsel, all documents must be served on that party on paper in the traditional manner pursuant to the applicable Federal and Local Rules.

### Electronic Filing of Proposed Documents

If the document you wish to file electronically requires leave of Court, such as an amended complaint or a document to be filed out of time, the proposed document should be attached as an exhibit to a motion. If your motion is granted, you may then file your document electronically; however, you may not file the document on its own unless and until the motion is granted.

If you wish to submit a proposed order for consideration by the Court, you may file the proposed order as an attachment to a motion, but not as a document on its own. In addition, you should contact the courtroom deputy of the judicial officer assigned to the case and arrange to e-mail a copy of the proposed order in Word Perfect format to her/him to assist the Court in instances where it desires to modify the proposed order.

### Help Desk

The Clerk's Office has established an Electronic Filing Help Desk at 1-800-355-8498 to answer questions and provide assistance should difficulties arise.

Geri M. Smith, Clerk of Court

**United States District Court**
**Northern District of Ohio**

**New Electronic Case Management System**

Beginning July 1, 2000, **all new civil cases** filed in the United States District Court for the Northern District of Ohio will be placed in the Court's new Case Management/Electronic Case Files (CM/ECF) system.

**Electronic Access:** A key feature of the CM/ECF system is that it provides unprecedented access to up-to-the-second docket sheets as well as to the documents themselves over the Internet through the Court's electronic filing web site (http://ecf.ohnd.uscourts.gov).

**Electronic Filing:** Another key feature of the CM/ECF system is that it accepts documents filed electronically over the Internet. While it is not necessary that documents be filed electronically to have them entered into the CM/ECF system, **electronic filing is strongly encouraged** by the Court. This district is a leader in the use of electronic filing and is proud to have been the first Court to accept an electronic filing over the Internet. Since January, 1996, over 500 attorneys have filed over 178,000 documents in over 20,000 maritime asbestos and general civil cases.

**Electronic Noticing:** A third key feature of the CM/ECF system is that it provides immediate e-mail notices to all counsel involved in a case whenever a document is filed. To receive electronic notice of filings, attorneys must be registered to file electronically and must have the e-mail noticing feature of their Court account turned on.

**Attorney Registration:** In order to file documents electronically and to receive e-mail notices of documents that are filed, attorneys must be admitted to practice before the Court and must be registered to file electronically. Upon registration, attorneys will be provided with an identification name and password that will allow access to the system. The identification name and password will also serve as the attorney's signature for Fed. R. Civ. P. 11 purposes on all documents that are filed electronically. Attorney admission and electronic filing registration forms are available through the Clerk's Office and on the Court's web page (http://www.ohnd.uscourts.gov).

**Public Access:** Public access to the CM/ECF system without the need for a password is available through the Court's electronic filing home page (http://ecf.ohnd.uscourts.gov). Public access permits individuals to view docket sheets and documents stored within the CM/ECF system, but it does not permit individuals to file documents electronically or to receive e-mail notices.

**System Requirements:** System requirements are minimal and inexpensive. To view documents in the system, all that is needed is Internet access, Netscape Navigator 4.08 or higher and the Adobe Acrobat Reader 3.0 or higher. To file documents electronically, attorneys will also need Adobe Acrobat PDF Writer software. A scanner may also be needed for imaging documents that do not exist in electronic format. Both Netscape Navigator and Adobe Acrobat Reader software are widely available for free. Attorneys can obtain Adobe Acrobat PDF Writer software at a substantial discount through a legal sales promotional program (call 1-888-502-5275 for details). Unfortunately, Microsoft Internet Explorer does not work with the CM/ECF system at this time.

**Training:** Training in the use of the CM/ECF system can be arranged for attorneys and law firm staff by contacting the Clerk's Office or by calling the CM/ECF Help Desk at 1-800-355-8498. An online tutorial is available on the Court's web page (http://www.ohnd.uscourts.gov). Registered attorneys can also practice filing and retrieving documents using a test system.

**Learning More About It:** Additional information about the CM/ECF system and electronic filing can be obtained from the Clerk's Office or through the Court's web page (www.ohnd.uscourts.gov) under Electronic Filing. Materials available include: attorney admission and electronic filing registration forms, an ECF Brochure, an "Electronic Filing Policies and Procedures Manual," and a "User Manual."

**Requirement that Counsel's Fax Number and E-Mail Address be included on all Pleadings:** Please be reminded that Local Rule 10.1 requires that the signature block on all pleadings contains not only the name, address, telephone number, and the attorney's Ohio Bar Registration Number, if applicable, but also Counsel's facsimile number and e-mail address as well.

**Who to Contact:** Questions regarding the CM/ECF system may be directed to the Court's CM/ECF Help Desk at 1-800-355-8498.



FILED
2003 JUL 21 PM 1:54
NORTHERN DISTRICT OF OHIO
CLEVELAND

# U.S. DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

## ASSIGNMENT OF MAGISTRATE JUDGE

Case Number: **1:03CV1522**

Magistrate Judge: **MAG. JUDGE VECCHIARELLI**

Pursuant to LR 3.1 and LCrR 57.9, Assignment of Cases, and General Order 98-17, all civil and criminal proceedings in the Eastern Division will be assigned a Magistrate Judge by the Clerk.

The Magistrate Judge assigned to this case is named above.

c:\wptext\forms\randmag
revised September 1998

*cc/ #2*





FILED

2003 JUL 21 PH 1:50

NORTHERN DISTRICT OF OHIO
CLEVELAND

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CERADYNE, INC.,<br>3169 Redhill Avenue<br>Costa Mesa, CA 92626,<br>    on behalf of itself and all others<br>    similarly situated,<br><br>           Plaintiff,<br><br>vs.<br><br>CABOT CORPORATION<br>Two Seaport Lane<br>Suite 1300<br>Boston, MA 02210<br>Telephone: (617) 345-0100<br><br><br>PHELPS DODGE CORPORATION<br>One North Central Avenue<br>Phoenix, AZ 85004<br>Telephone: (602) 366-8100<br><br><br>COLUMBIAN CHEMICALS COMPANY<br>1800 West Oak Commons Court<br>Marietta, GA 30062-2253<br>Telephone: (800) 235-4003<br><br><br>DEGUSSA ENGINEERED CARBONS LP<br>379 Interpace Parkway<br>Building C<br>Parsippany, NJ 07054<br>Telephone: (973) 257-0500 | CIVIL ACTION NO. **1:03CV1522**<br><br>JUDGE<br><br>**JUDGE O'MALLEY**<br><br><br>**CLASS ACTION COMPLAINT**<br><br>MAG. JUDGE VECCHIARELLI |

```
DEGUSSA AG                          )
Bennigsenplatz 1                    )
D-40474 Dusseldorf                  )
Germany                             )
                                    )
and                                 )
                                    )
DEGUSSA CORPORATION                 )
379 Interpace Parkway               )
Building C                          )
Parsippany, NJ  07054               )
Telephone:  (973) 257-0500          )
                                    )
                    Defendants.     )
                                    )
_____)
```

Plaintiff, Ceradyne, Inc., on behalf of itself and a class of all others similarly situated, brings this federal antitrust action for treble damages against Defendants, Cabot Corporation; Phelps Dodge Corporation; Columbia Chemicals Co.; Degussa Engineered Carbons, LP; Degussa AG; and Degussa Corporation (collectively, "Defendants").

## NATURE OF ACTION

1.    Plaintiff brings this lawsuit as a class action on behalf of all individuals and entities that purchased Carbon Black in the United States from Defendants, their predecessors, subsidiaries or co-conspirators from at least January 30, 1999 through the present (the "Class Period").  Plaintiff alleges that during the Class Period, Defendants conspired to fix, raise, maintain or stabilize prices for Carbon Black sold in the United States.  Because of Defendants' unlawful conduct, Plaintiff and the other class members paid more for Carbon Black than they would have in the absence of Defendants' alleged conduct.  Carbon Black is a carbon compound derived from petroleum based feedstock.   Carbon Black is the residue produced by the combustion of petroleum or natural gas and is also known as "lamp black," "channel black,"

"furnace black," "soot" and "carbon soot." The three primary business sectors in which it is used are the tire industry, industrial products and high performance applications. Specific products made from Carbon Black include: hoses, belts and molded goods in the industrial sector; inks, coatings, cables, pipes, and plastics in the high performance sector; and as a reinforcing agent and performance additive in tire manufacture.

## JURISDICTION AND VENUE

2.      Plaintiff brings this action pursuant to Sections 4 and 16 of the Clayton Act (15 U.S.C. §§15 and 26) to recover damages and costs of suit, including reasonable attorneys' fees, as the result of Defendants' violation of Section 1 of the Sherman Act.

3.      Subject matter jurisdiction is proper pursuant to 28 U.S.C. §1337 and by Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§15, 26.

4.      Venue is proper in this district pursuant 28 U.S.C. §1391(c) and by Section 12 of the Clayton Act, 15 U.S.C. §22.

## PARTIES

5.      Plaintiff, Ceradyne Corporation, is a Delaware corporation with its principal place of business in Costa Mesa, California. Plaintiff purchased Carbon Black directly from one or more of the Defendants during the Class Period.

6.      Defendant Cabot Corporation ("Cabot") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Boston, Massachusetts. Cabot is the largest producer of Carbon Black in the world, accounting for one-quarter of worldwide production capacity and market share. In fiscal year 2001, Cabot had $1.67 billion in revenues, with the Carbon Black division accounting for approximately 79% of these revenues.

3

7.    Defendant Phelps Dodge Corporation ("Phelps Dodge") is a corporation organized and existing under the laws of the State of New York with its principal place of business in Arizona.

8.    Defendant Columbian Chemicals Co. ("Columbian") is a wholly-owned subsidiary of Phelps Dodge headquartered in Marietta, Georgia. Columbian is engaged in the manufacture and sale of Carbon Black within the United States and throughout the world.

9.    Degussa Engineered Carbons, LP ("DEC") is a limited partnership with its principal place of business in Parsippany, New Jersey. DEC is co-owned by Degussa AG through a joint venture with Engineered Carbons Incorporated. DEC is engaged in the manufacture and sale of Carbon Black within the United States and throughout the world.

10.    Degussa AG is a German corporation within its principal place of business in Germany.

11.    Defendant Degussa Corporation ("Degussa Corp.") is a corporation organized and existing under the laws of the State of Alabama with its principal place of business in Parsippany, New Jersey. Degussa Corp. is the designated sales agent of DEC for the sale of Carbon Black within the United States.

## CO-CONSPIRATORS

12.    Various other persons, firms or corporations, not yet named as defendants in this lawsuit, participated as co-conspirators with Defendants in the offenses alleged and performed acts and made statements in furtherance thereof.

4

## CLASS ACTION ALLEGATIONS

13.     Plaintiff brings this action on behalf of itself and as a class action under the provisions of Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the following class:

> All persons and entities that purchased Carbon Black in the United States directly from any of the Defendants or their co-conspirators or any predecessor or controlled subsidiary of each, at any time during the period from January 30, 1999 to the present. Excluded from the class are Defendants, their parents, predecessors, subsidiaries, affiliates and co-conspirators and governmental entities.

14.     Plaintiff does not know the exact size of the class, since such information is in the exclusive control of Defendants.  However, based on the nature of the trade and commerce involved, Plaintiff believes that the class numbers at least in the thousands and that the members of the class are geographically dispersed throughout the United States.  Therefore, joinder of all members of the class would be impracticable.

15.     There are questions of law or fact common to the class, including, but not limited to:

    a.     whether Defendants conspired to fix, raise, maintain or stabilize the prices of Carbon Black sold in the United States;

    b.     the identity of the participants in the conspiracy;

    c.     the duration of the conspiracy alleged in this Complaint and the acts performed by Defendants in furtherance of the conspiracy;

    d.     whether Defendants conspired to allocate markets for Carbon Black sold in the United States;

    e.     whether the alleged conspiracy violated Section 1 of the Sherman Act;

f.    whether Defendants' conduct caused injury to the business or property of Plaintiff and the class members and, if so, the appropriate class-wide measure of damages; and

g.    the effect of Defendants' conspiracy on the prices of Carbon Black sold in the United States during the Class Period.

16.    The claims of Plaintiff are typical of the claims of the class in that Plaintiff, through the aforementioned assignment, is a direct purchaser of Carbon Black whose purchases were, in all relevant respects, typical of purchases by other class members, and the relief sought by Plaintiff, monetary damages, is common to the class.

17.    Plaintiff will fairly and adequately protect the interests of the class in that Plaintiff is a typical purchaser of Carbon Black, has no conflicts with any other members of the class and is represented by experienced and able antitrust, class action counsel.  Further, the interests of Plaintiff are coincident with, and not antagonistic to, those of the class members.

18.    Class action treatment is superior to the alternatives, if any, for the fair and efficient adjudication of the controversy described herein, because such treatment permits a large number of injured persons to prosecute their common claims in a single forum simultaneously, efficiently and without unnecessary duplication of evidence and effort.  Class treatment also permits the adjudication of claims by smaller class members who could not afford to individually litigate an antitrust claim against large corporate defendants.

## TRADE AND COMMERCE

19.    All of the Defendants manufacture and/or sell Carbon Black either independently or as part of a joint venture or merger.  The Carbon Black products manufactured and/or sold by one Defendant are comparable to and interchangeable with the Carbon Black products manufactured and/or sold by the other Defendants.

6

20.     During the Class Period, Defendants sold Carbon Black in a continuous and uninterrupted flow of interstate commerce, to customers located in countries and states other than the countries or states in which Defendants produced Carbon Black. The business activities of Defendants were thus within the flow of, and substantially affected, interstate trade and commerce.

## VIOLATIONS ALLEGED

21.     Beginning at least as early as January, 1999, and continuing through present, Defendants and their co-conspirators entered into and participated in a combination and conspiracy to suppress and eliminate competition by fixing the prices of Carbon Black sold in the United States and elsewhere. This combination and conspiracy, which consisted of a continuing agreement, understanding and concert of action to raise, fix and maintain the prices for the sale of Carbon Black sold throughout the United states and elsewhere, was an unreasonable restraint of trade and commerce in violation of Section 1 of the Sherman Act, 15 U.S.C. §1.

22.     For the purpose of forming and carrying out their combination and conspiracy, Defendants and their co-conspirators did those things that they combined and conspired to do, including, among other things:

      a.    participated in communications to discuss prices being charged for Carbon Black sold to customers in the United States;

      b.    agreed to raise, fix and maintain prices for Carbon Black sold to customers;

      c.    raised, fixed and maintained prices for Carbon Black sold to customers;

d.     agreed during and through those communications to allocate among Defendants and their co-conspirators customers for Carbon Black in the United States;

e.     agreed during and through those communications to refrain from bidding or to submit intentionally high, complementary and non-competitive bids, for particular contracts to supply Carbon Black to various customers throughout the United States;

f.     exchanged sales and customer information for the purpose of monitoring and enforcing adherence to the agreements reached;

g.     issued price announcements and price quotations in accordance with the agreements reached; and

h.     sold Carbon Black to customers throughout the United States at mutually agreed on, non-competitive prices.

23.    Defendants and their co-conspirators engaged in the activities described in the foregoing paragraphs in furtherance of their conspiracy and for the purpose of effectuating the unlawful contract, combination and conspiracy described herein. Defendants and their co-conspirators are jointly and severally liable for all damages caused by their conspiracy.

24.    Both the United States and European antitrust authorities have commenced a transatlantic investigation into the price-fixing conspiracy as alleged herein. The European antitrust authorities have conducted raids on six European companies, including Degussa AG and subsidiaries of Cabot and Phelps Dodge, in France, Germany, Spain and Italy in connection with such investigation. Such authorities are currently reviewing documents seized in the raids.

25.    Cabot, Phelps Dodge and Degussa AG have confirmed that they have been contacted by the European antitrust authorities in connection with their ongoing investigations of price-fixing in the Carbon Black industry. Both Cabot and Phelps Dodge have confirmed that they have been contacted by United States antitrust authorities in connection with such investigations.

8

## EFFECTS/DAMAGES

26.     Defendants' contract, combination and conspiracy had the following effects, among others:

a.      prices charged by Defendants and their respective subsidiaries and co-conspirators to Plaintiff and the members of the class were maintained at artificially high and non-competitive levels;

b.      buyers of Carbon Black were deprived of free and open competition in the purchase of Carbon Black; and

c.      competition in the sale of Carbon Black was unreasonably restrained.

27.     During and throughout the Class Period, Plaintiff and members of the class purchased Carbon Black from one or more of the Defendants, their respective subsidiaries, affiliates and/or co-conspirators.

28.     As a direct and proximate result of Defendants and their co-conspirators' illegal contract combination and conspiracy, Plaintiff and the members of the class were injured and financially damaged in their businesses and property in that they paid more for Carbon Black than they would have in the absence of Defendants and their co-conspirators' unlawful activities. The total amount of damages is presently undetermined.

## PRAYER FOR RELIEF

29.     WHEREFORE, Plaintiff prays as follows:

a.      That the Court determines this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure;

b.      That the aforesaid contract, combination and conspiracy and the acts done in furtherance thereof by Defendants be adjudged to have been in violation of Section 1 of the Sherman Act, 15 U.S.C. §1, and that Plaintiff and the members of the class have been injured in their businesses and property as a result of such violations;

9

c.    That judgment be entered for Plaintiff and the members of the class against Defendants for three-fold the amount of damages sustained by Plaintiff and the class as allowed by law, together with the costs of this action, including reasonable attorneys' fees; and

d.    That Plaintiff and members of the class have such other, further and different relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

30.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all the issues triable of right by jury.

DATED: July 21, 2003

Respectfully submitted,

Daniel R. Karon (#0069304)
**WEINSTEIN KITCHENOFF SCARLATO KARON & GOLDMAN LTD.**
55 Public Square
Suite 1500
Cleveland, OH 44113-1998
Telephone: (216) 622-1851
Facsimile: (216) 622-1852

David H. Weinstein
Mark S. Goldman
**WEINSTEIN KITCHENOFF SCARLATO KARON & GOLDMAN LTD.**
1845 Walnut Street
Suite 1100
Philadelphia, PA 19103
Telephone: (215) 545-7200
Facsimile: (215) 545-6536

10

Samuel D. Heins
Vincent J. Esades
**HEINS MILLS & OLSON, P.L.C.**
3550 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Telephone:  (612) 338-4605
Facsimile:  (612) 338-4692

Krishna B. Narine
**SCHIFFRIN & BARROWAY, LLP**
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA  19004
Telephone:  (610) 822-2202
Facsimile:  (610) 822-0002

Ann D. White
**MAGER WHITE & GOLDSTEIN, LLP**
One Pitcairn Place, Suite 2400
165 Township Line Road
Jenkintown, PA  19046
Telephone:  (215) 481-0273
Facsimile:  (215) 481-0271

*Attorneys for Plaintiff Ceradyne, Inc.*

11

JS 44 (N.D. Ohio)

1

## Civil Cover Sheet

The JS-44 Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Please refer to the instructions *2003 JUL 21 PM 1:50*

**1. (a) PLAINTIFFS**

Ceradyne, Inc.

NORTHERN DISTRICT OF COUR
CLEVELAND

**DEFENDANTS**

Cabot Corporation,
Phelps Dodge Corporation,

1:03CV1522

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Orange
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Middlesex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c)** ATTORNEY'S NAME (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

See attachment 1

ATTORNEYS (IF KNOWN)

**JUDGE O'MALLEY**

**II. BASIS OF JURISDICTION** (PLACE A **check** IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Gov't Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only)
(PLACE A CHECK IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of this State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in this State | [ ] 4 | [ ] 4 |
| Citizen of another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (PLACE A CHECK IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT**    Please click on the appropriate nature of suit

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC § 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury— Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC § 157 | [X] 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 365 Personal Injury— Product Liability | 625 Drug Related Seizure of Property 21 USC § 881 | | 430 Banks & Banking |
| 140 Negotiable Instrument | 320 Assault, Libel, Slander | | 630 Liquor Laws | PROPERTY RIGHTS | 450 Commerce/ICC Rates, etc. |
| 150 Overpayment Recovery & Enforcement of Judgment | 330 Federal Employer's Liability | 368 Asbestos Personal Injury Product Liability | 640 Railroad & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | | 650 Airline Regulations | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations (Civil RICO) |
| 152 Recovery of Defaulted Student Loans (Excluding Veterans) | 345 Marine Product Liability | PERSONAL PROPERTY | 660 Occupational Safety/Health | 840 Trademark | 810 Selective Service |
| 153 Recovery of Overpay- ment of Vet's Benefits | 350 Motor Vehicle | 370 Other Fraud | 690 Other | | 850 Securities/Commodities/Exchange |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | | SOCIAL SECURITY | 875 Customer Challenge 12 USC § 3410 |
| 190 Other Contract | 360 Other Pers. Injury | 380 Other Personal Property Damage | LABOR | 861 HIA (1395ff) | 891 Agricultural Acts |
| 195 Contract Prod. Liability | | 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 862 Black Lung (923) | 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | 720 Labor/Management Relations | 863 DIWC/DIWW (405(g)) | 893 Environmental Matters |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence | 730 Labor/Management Reporting and Disclosure Act | 864 SSID Title XVI | 894 Energy Allocation Act |
| 220 Foreclosure | 442 Employment | HABEAS CORPUS: | 740 Railway Labor Act | 865 RSI (405(g)) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectm't | 443 Housing/ Accommodations | 530 General | 790 Other Labor Litigation | | 900 Appeal of Fee Determination Under Equal Access to Justice Act |
| 240 Torts to Land | 444 Welfare | 535 Death Penalty | 791 Employees Retirement Income Security Act (ERISA) | FEDERAL TAX SUITS | 950 Constitutionality of State Statute |
| 245 Tort Product Liability | 440 Other Civil Rights | 540 Mandamus & Other | | 870 Taxes (U.S. Plaintiff or Def.) | 890 Other Statutory Actions |
| 290 All Other Real Prop. | | 550 Civil Rights | | 871 IRS–Third Party 26 USC § 7609 | |
| | | 555 Prison Conditions | | | |

**VI. CAUSE OF ACTION** (Cite the U.S. civil statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statute unless this is a diversity action.)  15 USC § 1

**VII. REQUESTED IN COMPLAINT:**
- [X] Check if this is a Fed. R.
- Civ. P. 23 Class Action

DEMAND: $  unknown damages

CHECK YES ONLY IF DEMANDED IN COMPLAINT:
JURY DEMAND: [X] YES  [ ] NO

**VIII. RELATED CASE(S) IF ANY (SEE INSTRUCTIONS)**    JUDGE  See attachment 2    DOCKET NUMBER

Date  7/18/03

Signature of Attorney of Record

**FOR CLERK'S OFFICE ONLY**

RECEIPT NO. _____    AMOUNT $ _____    JUDGE _____    MAGISTRATE JUDGE _____

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

**I.**

Civil Categories: (Please check <u>one category only</u>).

1. ☒    General Civil
2. ☐    Administrative Review/Social Security
3. ☐    Habeas Corpus Death Penalty

\*If under Title 28, §2255, name the SENTENCING JUDGE: _____

CASE NUMBER: _____

**II.**    <u>**RELATED OR REFILED CASES**</u>. See LR 3.1 which provides in pertinent part: "If an action is filed or removed to this Court and assigned to a District Judge after which it is discontinued, dismissed or remanded to a State court, and subsequently refiled, it shall be assigned to the same Judge who received the initial case assignment without regard for the place of holding court in which the case was refiled. Counsel or a party without counsel shall be responsible for bringing such cases to the attention of the Court by responding to the questions included on the Civil Cover Sheet."

This action is ☒ **RELATED** to another **PENDING** civil case. This action is ☐ **REFILED** pursuant to **LR 3.1**.

**If applicable, please indicate on page 1 in section VIII, the name of the Judge and case number.**

**III.**    In accordance with Local Civil Rule **3.8**, actions involving counties in the Eastern Division shall be filed at any of the divisional offices therein. Actions involving counties in the Western Division shall be filed at the Toledo office. For the purpose of determining the proper division, and for statistical reasons, the following information is requested.

ANSWER ONE PARAGRAPH ONLY. ANSWER PARAGRAPHS 1 THRU 3 IN ORDER. UPON FINDING WHICH PARAGRAPH APPLIES TO YOUR CASE, ANSWER IT AND STOP.

(1)    <u>**Resident defendant**</u>. If the defendant resides in a county within this district, please set forth the name of such county
<u>COUNTY:</u> Cuyahoga
<u>Corporation</u> For the purpose of answering the above, a corporation is deemed to be a resident of that county in which it has its principal place of business in that district.

(2)    <u>**Non-Resident defendant**</u>. If no defendant is a resident of a county in this district, please set forth the county wherein the cause of action arose or the event complained of occurred.
<u>COUNTY:</u>

(3)    <u>**Other Cases**</u>. If no defendant is a resident of this district, or if the defendant is a corporation not having a principle place of business within the district, and the cause of action arose or the event complained of occurred outside this district, please set forth the county of the plaintiff's residence.
<u>COUNTY:</u>

**IV.**    The Counties in the Northern District of Ohio are divided into divisions as shown below. After the county is determined in Section III, please check the appropriate division.

<u>**EASTERN DIVISION**</u>

☐ **AKRON**     (Counties: Carroll, Holmes, Portage, Stark, Summit, Tuscarawas and Wayne)
☒ **CLEVELAND**     (Counties: Ashland, Ashtabula, Crawford, Cuyahoga, Geauga, Lake, Lorain, Medina and Richland)
☐ **YOUNGSTOWN**     (Counties: Columbiana, Mahoning and Trumbull)

<u>**WESTERN DIVISION**</u>

☐ **TOLEDO**     (Counties: Allen, Auglaize, Defiance, Erie, Fulton, Hancock, Hardin, Henry, Huron, Lucas, Marion, Mercer, Ottawa, Paulding, Putnam, Sandusky, Seneca VanWert, Williams, Wood and Wyandot)

Attachment 1

Daniel R. Karon
**WEINSTEIN KITCHENOFF SCARLATO**
**KARON & GOLDMAN LTD**
55 Public Square, Suite 1500
Cleveland, Ohio 44113
Telephone: (216) 622-1851
Facsimile: (216) 622-1852

David H. Weinstein
Mark S. Goldman
**WEINSTEIN KITCHENOFF SCARLATO**
**KARON & GOLDMAN LTD.**
1845 Walnut Street
Suite 1100
Philadelphia, Pennsylvania 19103
Telephone: (215) 545-7200
Facsimile: (215) 545-6536

Samuel D. Heins
Vincent J. Esades
**HEINS MILLS & OLSON, P.L.C.**
3550 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Telephone: (612) 338-4605
Facsimile: (612) 338-4692

Krishna B. Narine
**SCHIFFRIN & BARROWAY, LLP**
Three Bala Plaza East, Suite 400
Bala Cynwyd, Pennsylvania 19004
Telephone: (610) 822-2202
Facsimile: (610) 822-0002

Ann D. White
**MAGER WHITE & GOLDSTEIN, LLP**
One Pitcairn Place, Suite 2400
165 Township Line Road
Jenkintown, Pennsylvania 19046
Telephone: (215) 481-0273
Facsimile: (215) 481-0271

Attachment 2

## Schedule of Complaints Pursuant to Rule 7.2(a)(ii)
## Of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation

| Name of Action | Date Filed | District Court | Civil Action No. (if known) | Assigned Judge |
|---|---|---|---|---|
| *Technical Industries, Incorporated v. Cabot Corporation, Phelps Dodge Corporation, Columbian Chemicals Company, Degussa Engineered Carbons, LP, Degussa AG, and Degussa Corporation* | January 30, 2003 | District of Massachusetts (Boston) | 1:03cv10191 | The Honorable Douglas P. Woodlock |
| *Parker Hannifin Corporation v. Cabot Corporation, Phelps Dodge Corporation, Columbian Chemicals Company, Degussa Corporation, and Degussa Engineered Carbons, LP* | March 19, 2003 | Northern District of Ohio (Akron) | 5:03cv495 | The Honorable John R. Adams |
| *Synaflex Rubber Products Company v. Cabot Corporation, Phelps Dodge Corporation, Columbian Chemicals Company, Degussa Engineered Carbons, LP, Degussa AG, and Degussa Corporation* | March 28, 2003 | District of New Jersey (Newark) | 2:03cv1400 | The Honorable John C. Lifland |
| *Alco Industries Incorporated v. Cabot Corporation, Phelps Dodge Corporation, Columbian Chemicals Company, Degussa Corporation, and Degussa Engineered Carbons, LP* | April 8, 2003 | District of New Jersey (Newark) | 2:03cv1593 | The Honorable John C. Lifland |
| *Chase & Sons, Incorporated v. Cabot Corporation, Columbian Chemicals Company, Phelps Dodge Corporation, Degussa Corporation, and Degussa Engineered Carbons, LP* | April 9, 2003 | District of New Jersey (Newark) | 2:03cv1609 | The Honorable John C. Lifland |

| | | | | |
|---|---|---|---|---|
| *Standard Rubber Products v. Cabot Corporation, Phelps Dodge Corporation, Columbian Chemicals Company, Degussa Engineered Carbons, LP, Degussa AG, and Degussa Corporation* | April 10, 2003 | District of Massachusetts (Boston) | 1:03cv10659 | The Honorable Joseph L. Tauro |